UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Muhammad** <br> *aka* James Muhammad Wright, <br><br>                           Plaintiff, <br><br> vs. <br><br> **J. L. Martin**, Officer; and <br> **NFN Miller**, <br><br>                          Defendants. | ) **C/A No. 3:06-0543-CMC-JRM** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) |

# *Background of this Case*

The plaintiff is a pre-trial detainee housed at the Columbia Care Center of the South Carolina Department of Mental Health. The Columbia Care Center is located at 7901 Farrow Road, which is north of Columbia, South Carolina. The defendants are employees of the Columbia Care Center. In the complaint (Entry No. 1), the plaintiff alleges that the defendants conducted a search of his room for contraband and, thereby, violated his constitutional rights.

The original complaint (Entry No. 1) contained no express request for relief. Hence, in Special Interrogatories propounded to the plaintiff, the plaintiff was directed to state what he wanted this federal court to do for him.

1

In his Answers to the Court's Special Interrogatories, the plaintiff writes: "I want the court to suspend and replace both without pay! as [sic] of yesterday!" (Entry No. 7).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (Entry No. 1) and the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 7) pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.  The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

---

[1] Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal because the relief requested by the plaintiff cannot be granted.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v.

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

This federal district court cannot suspend, "fire," or replace the defendants because they are not employees of this federal court. *See* Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing* United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, Clippinger v. United States, 364 U.S. 818 (1960).

Although the plaintiff is a pre-trial detainee who has not been convicted, the search of his room at the Columbia Care Center for contraband has not violated his federal constitutional rights. *See* Hudson v. Palmer, 468 U.S. 517 (1984). As noted by the late Chief Justice Burger, "inmates have necessarily shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a way that reflects either a respect for law or an appreciation of the rights of others." Hudson v. Palmer, supra, 468 U.S. at 526. Moreover, in Bell v. Wolfish, Justice Rehnquist concluded that body-cavity searches were reasonable under the Fourth Amendment

4

because, in prisons, "[s]muggling of money, drugs, weapons, and other contraband is all too common an occurrence." Bell v. Wolfish, 441 U.S. 520, 559 (1979). *See also* Forbes v. Trigg, 976 F.2d 308, 1992 U.S.App. LEXIS® 21815 (7th Cir. 1992)(collecting cases), *cert. denied*, Trigg v. Forbes, 507 U.S. 950, 122 L.Ed.2d 741, 113 S.Ct. 1362, 1993 U.S. LEXIS® 1684 (1993); and Spence v. Farrier, 807 F.2d 753, 755 (8th Cir. 1986)("the unauthorized of narcotics is a problem that plagues virtually every penal and detention center in the country").

Controlling precedents require federal courts to accord deference to state corrections departments with respect to the operation of the particular institution or prison system. *See* Block v. Rutherford, 468 U.S. 576 (1984); Rhodes v. Chapman, 452 U.S. 337, 346-347 (1981); Atiyeh v. Capps, 449 U.S. 1312, 1315-1316 (1981)(The Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like."), which was a stay of a district court's order entered by Justice Rehnquist in his capacity as a Circuit Justice.

Although the plaintiff is in a facility of the South Carolina Department of Mental Health and not in a jail or prison, his status as a pre-trial detainee who

has been committed to a mental health facility places the search of his room within the deference accorded to institutional officials. Federal courts, including the United States Court of Appeals for the Fourth Circuit, have addressed the constitutionality of testing or checking prisoners for communicable diseases or drugs. In Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993)(*per curiam*), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993), a prisoner at a correctional institution in Maryland was administered a tuberculosis inoculation, which caused the prisoner to break out in a rash. The Honorable Joseph C. Howard, Senior United States District Judge, *sua sponte* dismissed the complaint under "old" 28 U.S.C. § 1915(d) because the complaint failed to state a claim cognizable under 42 U.S.C. § 1983. The prisoner appealed. On appeal, the United States Court of Appeals for the Fourth Circuit, in upholding the dismissal of the complaint under Denton v. Hernandez, supra, commented:

> In dismissing this case, we find that the district court did not abuse its discretion by dismissing this cause of action as frivolous. The standard for evaluation medical claims under the Eighth Amendment has been outlined by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 50 L.Ed.2d 251, 97 S.Ct. 285 (1976). To prevail under the Eighth Amendment, the plaintiff must show that the defendant was deliberately indifferent to a serious medical need. *Id.*, 429 U.S. at 106. At the time Nurse Briscoe

6

>administered the vaccination, the prisoners were receiving immunization that affected everyone. Rather than being indifferent, Nurse Briscoe was administering a vaccination to protect the prisoner. This court cannot conclude that the actions of the district court in *sua sponte* dismissing this complaint was [sic] an abuse of discretion.

Brown v. Briscoe, supra, 998 F.2d at 204.

Federal courts have also recognized that prison policies that facially seem to infringe on an inmate's constitutional rights are valid if those policies are reasonably related to a legitimate penological goal. *See* Turner v. Safley, 482 U.S. 78, 89 (1987); Ali v. Dixon, supra, 912 F.2d at 89; and Covino v. Patrissi, 967 F.2d 73, 1992 U.S.App. LEXIS® 14230 (2nd Cir. 1992)(although the Supreme Court in Turner v. Safley addressed prison policies that implicate an inmate's First and Fourteenth Amendment rights, the Turner v. Safley standard can be applied to a prisoner's Fourth Amendment claims). Maintenance of a drug-free facility — in a prison, jail, or mental health facility — is a legitimate objective. In fact, failure to so do might constitute "deliberate indifference" to the safety needs of persons kept at the Columbia Care Center. *See* Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1977, 1994 U.S.LEXIS® 4274 (1994)(prison officials "must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), which

7

was a Bivens action.[3]  *See also* Helling v. McKinney, 509 U.S. 25, 125 L.Ed.2d 22, 113 S.Ct. 2475, 2480, 1993 U.S. LEXIS® 4210 (1993), where the Supreme Court held that exposure to environmental tobacco smoke may form the basis of an Eighth Amendment violation.[4]

---

[3]In Bivens, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits."  Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).  Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*.  Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994).

[4]The undersigned is reviewing the plaintiff's claims under the Fourteenth Amendment, not the Eighth Amendment, because the plaintiff has not been convicted.  *See* Belcher v. Oliver, 898 F.2d 32, 34, 1990 U.S.App. LEXIS® 3559 (4th Cir. 1990)("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

                                                   Respectfully submitted,


May 4, 2006                                     s/Joseph R. McCrorey
Columbia, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**